UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HAMILTON COUNTY JOB AND FAMILY SERVICES, Plaintiff, | Case No. 1:17-cv-855 Black, J. Litkovitz, M.J. |
| vs. | |
| JAIYANAH BEY, Defendant. | REPORT AND RECOMMENDATION |

Defendant Jaiyanah Bey has filed a pro se notice of removal of a state court civil action to the United States District Court. By separate Order issued this date, Ms. Bey has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Ms. Bey's notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition and attachments thereto allege that Ms. Bey is a party-defendant to an action in the Hamilton County, Ohio Court of Common Pleas, Juvenile Division, to terminate her parental rights.[1] It appears the state court case was filed in 2016 and is set for a hearing on January 10, 2018.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970), *cert. denied*, 449 U.S. 996 (1980)). *See also Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999); *Saint Torrance v. Firstar*, 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007).

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

To the extent Ms. Bey removes this matter on the basis of the Court's diversity jurisdiction (Doc. 1 at PAGEID#: 5), Ms. Bey is a resident of Ohio and may not remove the state court action on this basis. Removal based on diversity of citizenship is proper only where the defendant is not a citizen of the forum state. The removal statute limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Ms. Bey is an Ohio citizen, removal is barred under section 1441(b).

In addition, the Court cannot discern a basis for original federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the

plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Ms. Bey has failed to establish this Court has original federal question jurisdiction over this case. While Ms. Bey has not attached the state court complaint to her notice of removal, the other documents attached thereto indicate that the Department of Jobs and Family Services filed a state court action in the juvenile court and obtained temporary custody over Ms. Bey's son. It appears that the Department is now seeking permanent custody of the child through the juvenile court action. There is nothing in the records to show this case arises under the Constitution or laws of the United States. Ms. Bey' notice of removal states:

> This case also raises a federal question. Can a foreign private corporation make claims of ownership, kidnap and hold a flesh and blood being, baby, and have authority over a flesh and blood Being Baby outside there (sic) corporate policy

3

> and/or codes having ignored the provisions of due process of law per the American Constitution 1791 5th Bill of Rights secured for all people of a flesh and blood nature not to be confused with any corporate and commercial activity. The American Constitution also secures and guarantees relief to flesh and blood being, people, whose liberties have been violated through the secured provision of petitioning for a grievance done to them.
>
> \*
> \*
> \*
>
> Let the record show I was never in a lawfully sanction court pursuant to the American Constitution as well as the Ohio Constitution. The Hamilton county juvenile court is a division of the Hamilton County Corporation and to be a lawful court Hamilton County Corporation would have to sign on to the provisions of the American Constitution 1791 else they are practicing "English Law" on American soil. If there is no documentation stating they have pledge their allegiance to the American Constitution 1791, then they are not a lawful court but simply a private corporation which is not a substitute or replacement for judicial functions unless one agree to allow them to mediate in which case I would have to first agree to mediation. If it is alleged that they have obtained a lawful "state" status enabling them to operate as a lawful court, there is no provision for any State/state to grant statehood, that is a function of Congress.

(Doc. 1 at PAGEID#: 5).

The Court is unable to discern any federal cause of action arising from Ms. Bey's allegations or the documents in the state court proceeding. Ms. Bey's conclusory allegations of "due process" and "American Constitution" violations are insufficient to show federal question jurisdiction in this matter.

Accordingly, the Court lacks subject matter jurisdiction over this case. Ms. Bey's petition for removal should be denied, this matter should be dismissed from the docket of the Court, and the case should be remanded back to the state court.

**IT IS THEREFORE RECOMMENDED:**

1. Ms. Bey's petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be dismissed from the docket of the Court.

4

3. This matter should be **REMANDED** back to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Ms. Bey leave to appeal *in forma pauperis*. Ms. Bey should also be advised that she remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/22/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAMILTON COUNTY JOB
AND FAMILY SERVICES,
    Plaintiff,

vs.

JAIYANAH BEY,
    Defendant.

Case No. 1:17-cv-855
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).